INSURANCE — UNIVERSITY HOSPITAL The University Hospital may pay premiums for Workmen's Compensation insurance for hospital employees from HERO bond monies designated for hospital renovation on the condition that the construction workers to be covered by such insurance are hired for the sole purpose of renovating part of the University Hospital and that said workers devote 100 percent of their employment effort to that task. The Attorney General is in receipt of your letter wherein you, in effect, ask the following question: May the University Hospital pay premiums for Workmen's Compensation insurance from HERO bond monies designated for hospital renovation if the construction workers to be covered by such insurance are hired by University Hospital as its employees on a temporary basis for the sole purpose of renovating part of the University Hospital and said workers devote 100 percent of their employment effort to that task? On December 10, 1968, the people of this state adopted Article X, Section 38, Oklahoma Constitution, which states in pertinent part as follows: "The Legislature of the State of Oklahoma is hereby authorized to enact necessary legislation whereby the State may become indebted in an amount not to exceed Ninety-nine Million, Eight Hundred Eight Thousand Dollars ($99,808,000.00) for the purpose of planning and constructing new buildings or additions to existing state buildings and other capital improvements for remodeling, modernizing and repairing any and all existing buildings and capital improvements and for such new construction or remodeling for the necessary departments and agencies of state government in the amounts and for the purposes set forth as follows: 1. Oklahoma State Regents for Higher Education for expenditure at all constituent institutions ............................................... $34,250,000.00. 2. Oklahoma State Regents for Higher Education for expenditure at the Medical Center of the University of Oklahoma ...................................... $26,870,000.00." * * * (Emphasis added.) In 62 O.S. 57.121 [62-57.121] (1971), the Legislature declared it to be its purpose to vitalize ArticleX, Section 38, Oklahoma Constitution, in 57.122, supra, and following sections. Title 62 O.S. 57.122 [62-57.122] (1971), provides in pertinent part as follows: "The State of Oklahoma Building Bonds Commission, created by Title 62, Oklahoma Statutes 1961, Section 62 O.S. 57.1 [62-57.1], acting for and on behalf of the State of Oklahoma, shall be the agency by and through which the State of Oklahoma shall incur indebtedness to the extent of the sum of Ninty-nine Million Eight Hundred Eight Thousand Dollars ($99,808,000.00) for the purpose of planning and constructing new buildings or additions to existing buildings and other capital improvements for remodeling, modernizing and repairing existing buildings and capital improvements and purchase of land, equipment and furnishings necessary for construction or remodeling for the following departments and agencies of state government in the amounts and for the purposes set forth as follows: * * * 2. Medical Center of the University of Oklahoma ... $26,870,000.00." (Emphasis added.) Senate Bill 727 of the Second Session of the 34th Legislature, which bill vitalized additional sums authorized by Article X, Section 38, provides in pertinent part as follows: "SECTION 8 ......... that not to exceed Six Hundred Thousand Dollars ($600,000.00) of the amount appropriated by this section be allocated to the Board of Regents of the University of Oklahoma for use in conjunction with the teaching and training of students of the University of Oklahoma Medical Center as follows: For expenditures in remodeling, modernizing and repairing space in that part of the University Hospital known as 'Old Main' for clinical facilities for out-patient care and to provide not less than ninety-six (96) additional hospital beds." The question remains whether the construction authorized by Article X, Section 38, supra, and vitalized by 62 O.S. 57.122 [62-57.122] (1971), and Senate Bill 727, contemplates an expenditure for Workmen's Compensation Insurance for construction workers employed by the hospital. It is our opinion that this question should be answered in the affirmative. The authorization to pay workmen's compensation can be reasonably implied as incident to the provision's stated purpose of "remodeling, modernizing and repairing any and all existing buildings and capital improvements. . . . " In Carter Oil Co. v. Scott, 12 F.2d 780
(10th Cir. 1926), the Court stated in the body of its opinion that; "It is a rule of construction well settled by authorities that words and phrases employed in a statutes will be given their plain ordinary meaning according to the import of language used." It may be noted that the use of designated HERO bond monies for the payment of insurance premiums for employees whose work is not entirely devoted to the renovation contemplated in Article X, Section 38 supra, would not be within the stated purpose of the act and would, therefore, be an improper use of said monies. It is the opinion of the Attorney General, then, that your question be answered in the affirmative. The University Hospital may pay premiums for Workmen's Compensation insurance for hospital employees from HERO bond monies designated for hospital renovation on the condition that the construction workers to be covered by such insurance are hired for the sole purpose of renovating part of the University Hospital and that said workers devote 100 percent of their employment effort to that task. (James R. Barnett)